IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KAREN A. LYNCH, et al., | : | HON. JEROME B. SIMANDLE |
| Plaintiffs, | : | Civil No. 11-1362 (JBS/AMD) |
| v. | : | |
| HILTON WORLDWIDE, INC., et al., | : | **OPINION** |
| Defendants. | : | |

APPEARANCES:

Gary Frederick Piserchia
PARKER, MCCAY & CRISCUOLO, PA
Three Greentree Centre
7001 Lincoln Drive West
PO Box 974
Marlton, NJ 08053
    Attorney for Plaintiffs Kathleen A. Lynch and James J. Lynch

Michael T. Pidgeon, Esq.
PEPPER HAMILTON LLP
18th and Arch Streets
Philadelphia, PA 19103
    Attorney for Defendant Hilton Worldwide, Inc.


**SIMANDLE**, District Judge:

## I.  INTRODUCTION

    This matter is before the Court on Defendant Hilton
Worldwide, Inc.'s ("Defendant") motion to dismiss Plaintiffs
Kathleen A. Lynch and James J. Lynch's complaint [Docket Item 3.]
The Defendant argues that the Plaintiffs' complaint should be
dismissed for failure to state a claim or in the alternative, the
complaint should be dismissed for forum non conveniens.  For the

reasons expressed below, the Court will dismiss Plaintiff's
complaint based upon the doctrine of forum non conveniens.  The
Court will not address the sufficiency of Plaintiffs' complaint
as the Defendants' motion to dismiss for failure to state claim
is rendered moot.

**II.  BACKGROUND**

The instant action is a personal injury suit arising from
Plaintiff Kathleen Lynch slipping and falling while using the
bathtub/shower in her room at the Hilton London Euston Hotel, in
London, United Kingdom ("London Hotel").  The London Hotel is
allegedly owned and operated by the Defendant; however, the
Defendant disputes this allegation of Plaintiff's complaint.[1]

The complaint alleges that on or about April 13, 2009,
Plaintiff Kathleen Lynch was staying at the Hilton London Euston
Hotel in London, United Kingdom, as a hotel guest in Room 130.
(Comp. ¶ 11.)  Room 130 had a bathroom with a bathtub with high
sides, no flat standing surface, no appropriate slip protection
and no railing/handrails in the bath area. (Comp. ¶ 12.)  As a
result, the Plaintiff Kathleen Lynch slipped and fell while
attempting to use the bathtub/shower in Room 130 (Comp. ¶ 14) and
sustained injuries (Comp. ¶ 19).

---

[1] As the Court is deciding the present motion upon the
doctrine of forum-non conveniens, the issue of whether the
Plaintiff has pled sufficient facts alleging Defendant's
ownership of the London Hotel is irrelevant to this opinion and
will not be decided by the Court.

The Plaintiff Kathleen Lynch, along with her husband, Plaintiff James Lynch, brought the instant action against the Defendant alleging negligence/premises liability, loss of consortium and punitive damages.  This case was initially filed in the Superior Court of New Jersey, Burlington County Vicinage. The Defendant then removed the action to the District of New Jersey. [Docket Item 1].

After the case was removed, the Defendant filed a motion to dismiss the Plaintiff's complaint. [Docket Item 3.]  The Defendant argues that Plaintiffs' complaint should be dismissed for failure to state claim because the Plaintiffs have not alleged sufficient facts under Fed. R. Civ. P. 8 to present a plausible basis for relief.  Specifically, the Defendant contends that the Plaintiffs have not alleged any facts that the Defendant owed a duty to the Plaintiffs or that the Defendant owns, operates or holds any possessory rights over the London Hotel.

In the alternative, the Defendant argues that the Plaintiffs' complaint should be dismissed for forum non conveniens because the United Kingdom is a more appropriate forum that will best serve the convenience of the witnesses and parties and advance the interests of justice.

Plaintiffs oppose Defendant's motion to dismiss.  The Plaintiffs first maintain that its complaint satisfies the pleading requirements under Fed. R. Civ. P. 8 and states a claim

upon which relief can be granted.  Second, the Plaintiffs argue
that New Jersey is a proper forum for this litigation.
Initially, the Plaintiffs state that the Defendant has not met
its burden showing that the United Kingdom is an adequate
alternative forum.  The Plaintiffs contend that they are
residents of New Jersey and the choice of their home forum should
be given deference.  The Plaintiffs also argue that their medical
providers are all located in New Jersey and the case would
generate witness problems whether tried in this forum or the
United Kingdom.  The Plaintiffs admit that the United Kingdom has
an interest in this dispute; however, the Plaintiffs argue that
the balance of private and public interests favor proceeding in
New Jersey.

## III.  DISCUSSION

### A.  Standard of Review

In determining whether to dismiss a case based upon <u>forum
non conveniens</u>, the court must address (1) the availability of an
adequate alternate forum; (2) the degree of deference to be
accorded to the plaintiff's choice of forum; and (3) the balance
of private and public interest factors with the degree of
deference accorded the plaintiff's choice of forum.  <u>See</u> <u>Tech.
Dev. Co. v. Onischenko</u>, 174 Fed. Appx. 117, 120 (3d Cir. 2006).
"The defendant bears the burden of persuasion as to all elements
of the forum non conveniens analysis." <u>Lacey v. Cessna Aircraft</u>

4

<u>Co.</u>, 932 F.2d 170, 180 (3d Cir. 1991) (internal citations omitted). "The common-law doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and <u>perhaps</u> in rare instances where a state or territorial court serves litigational convenience best." <u>Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.</u>, 549 U.S. 422, 430 (2007) (citations omitted) (emphasis added).

### B. Availability of Adequate Alternative Forum

In dismissing a case based on the doctrine of forum non conveniens, the first requirement is the existence of an adequate alternative forum. A forum is considered an adequate alternative if two conditions are met.  First, the Defendant must be amendable to process in the alternate forum.  Second, there must be a cause of action in the alternative forum which provides the plaintiff a redress for his injury. <u>Kroger, Inc. v. O'Donnell</u>, No. 07-3091, 2007 W.L. 3232586 at *3 (D.N.J. Oct. 31, 2007).

In this case, the Defendant maintains that the United Kingdom is an adequate alternative forum.  The Defendant Hilton Worldwide, Inc. is amenable to process in the United Kingdom. (Ex. A. to Pl.'s Reply Br., Decl. of Owen Wilcox at ¶ 3.)  This is not disputed by the Plaintiff and is certified to in the Declaration of Owen Wilcox, who is a vice president of the Defendant corporation.  Since Defendant Hilton Worldwide Inc. is

the only named Defendant in this action,[2] the first requirement
of an adequate alternative forum is met.

In regards to the second element, there are two causes of
action which would provide the Plaintiffs with redress available
in the United Kingdom.  Based on the facts alleged in the
Complaint, the Plaintiffs could bring suit for negligence tort
liability as well as statutory liability under the Occupiers'
Liability Act of 1957 c. 31 in the United Kingdom.  In fact, a
recent case was decided in the United Kingdom addressing both
these causes of action involving facts very similar to present
circumstances.  See Murdock v. Scarisbrick Group Limited, (2011)
EWHC 220 (Q.B.).

However, "if the statute of limitations has expired in the
alternative forum, the forum is not available, and the motion to
dismiss based on *forum non conveniens* would not be appropriate."
MSC Mediterranean Shipping Co. v. Koninklijke Boskalis
Westminster NV, 569 F.3d 189, 202 (4th Cir. 2009).
Alternatively, a defendant moving for dismissal pursuant to the
doctrine of forum non conveniens can "explicitly concede[d] that
it is subject to the jurisdiction of [the foreign] courts or
waive any jurisdictional or other legal obstructions that may
impede plaintiffs' case there." D'Elia v. Grand Caribbean Co.,

---

[2] The Plaintiffs also name fictional defendants John Doe I-X
and ABC Company I-X in their complaint.

<u>Ltd.</u>, No. 09-1707, 2010 WL 1372027 at *7 (D.N.J. March 30, 2010).
By waiving the statute of limitations defense, a defendant can
satisfy its burden of proof regarding an adequate alternative
forum.

In support of its motion to dismiss for forum non
conveniens, the Defendant submitted the certification of Owen
Wilcox, Vice President and Senior Counsel for Hilton, which
declared that "Hilton is amenable to legal process in the United
Kingdom for the Plaintiffs' case." (Ex. A. to Pl.'s Reply Br.,
Decl. of Owen Wilcox at ¶ 3.)  The Court interprets this
declaration as a waiver of any jurisdictional or other legal
obstructions that may impede the Plaintiffs' case in the United
Kingdom and the Defendant is deemed to have waived any statute of
limitations defense available in the new forum.[3]

Therefore, the Court finds that the United Kingdom is an
adequate alternative forum for Plaintiffs' claims.  The Defendant
is amenable to process in the alternate forum and there are
causes of action in the alternative forum which provide the
Plaintiffs a redress for their injury.

**C. Plaintiff's Choice of Forum**

The plaintiff's choice of forum is generally given great

_____

[3] It appears that this suit would be timely if brought in
the United Kingdom which as a three year limitations period for
personal injury under the Limitations Act of 1980 (1980 c. 58).
Since the injury occurred in April, 2009, the limitation period
does not expire until April, 2012.

deference by the Court.  Piper Aircraft Co. v. Reyno, 454 U.S.
235, 266 (1981).  When the plaintiff sues in her home forum, this
choice is given even greater deference. Koster v. (American)
Lumbermens Mut. Casualty Co., 330 U.S. 518, 831-832 (1947).
However, a plaintiff's choice to sue in her home forum is not
dispositive.

> Citizens or residents deserve somewhat more deference
> than foreign plaintiffs, but dismissal should not be
> automatically barred when a plaintiff has filed suit in
> his home forum.  As always, if the balance of
> conveniences suggests that trial in the chosen forum
> would be unnecessarily burdensome for the defendant or
> the court, dismissal is proper.

Piper Aircraft Co., 454 U.S. at 256 n.23.  In particular, "if the
operative facts giving rise to the complaint occurred outside of
the chosen forum, courts reduce the deference owed to a
plaintiff's choice of forum." Colantonio v. Hilton Int'l Co.,
No. 03-1833, 2004 U.S. Dist. LEXIS 15991 at **15 (August 13, 2004
and Axxa Commerce, LLP v. Digital Realty Trust, L.P., No. 09-653,
2009 U.S. Dist. LEXIS 94103 at *11 (D.N.J. October 8, 2009). and
Vlasic v. Wyndham Int'l, 451 F. Supp. 2d 1005, 1009, 1012 (C.D.
Ill. 2006).

In this case, the Plaintiffs are New Jersey residents and
have chosen to sue in their home forum.  This choice is generally
accorded great deference by the Court.  However, New Jersey has
little connection with the pertinent facts giving rise to this
law suit.  The Plaintiffs' case centers on a slip and fall which

8

happened in a London hotel, the allegedly unsafe condition of a London bathtub and the alleged negligence of the London hotel employees.  All of the facts giving rise to the Plaintiffs' complaint occurred in London.

Therefore, while the Plaintiffs have sued in their home forum and this choice is given deference by the Court, this choice is not dispositive and the Court's deference is somewhat diminished since the operative facts giving rise to the action occurred outside of New Jersey.

### D. Balancing Private and Public Factors

In deciding a motion to dismiss based upon the doctrine of forum non conveniens, a court must balance several public and private factors.  A court must determine if the factors weigh in favor of dismissal and outweigh the deference given to the plaintiff's choice of forum.  Piper Aircraft Co., 454 U.S. at 255.  However, dismissal is not appropriate "where the balance of the private factors was at equipoise or tipped toward dismissal." The Technology Development Company, Ltd. v. Onishenko, 174 Fed. Appx. 117, 123 (3d. Cir. 2006).  Rather, the defendant has the burden to prove that the plaintiff's choice of forum is "vexatious and oppressive to all [defendants] out of all proportion to [plaintiff's] convenience." Piper Aircraft Co., 454 U.S. at 241.  The Third Circuit has held that the balancing of these factors is "essentially qualitative, not quantitative."

Lacey v. Cessna Aircraft Co., 932 F.2d 170, 182 (3d Cir. 1991).

### 1. Private Factors

The Court must consider several private factors in determining whether to dismiss based on the doctrine of forum non conveniens.  These factors include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Piper Aircraft Co., 454 U.S. at 241 n.6 (citing Gilbert, 330 U.S. 501, 508 (1947).

### a. Relative Ease and Access to Sources of Proof

This premises liability action involves a slip and fall that occurred at the Hilton London Euston Hotel in London, United Kingdom.  Therefore, any sources of proof in this case are located in London with the exception of the portion of Plaintiff Kathleen Lynch's medical treatment which occurred in and around New Jersey.

In addition, the Plaintiffs allege, and the Defendant strongly contests, that the Defendant owned, managed and/or operated the Hilton London Euston Hotel.  The Plaintiffs do not point to any management or operation agreement.  Rather, the Plaintiffs support their allegation with circumstantial evidence

10

including correspondence from the London Hotel which purportedly states that the Defendant manages the London Hotel, the Defendant's website, employees of the London Hotel which use Hilton on their email addresses and business cards, and logos of the Defendant which appear throughout the London Hotel. (Pl. Opp'n. Br. at 10.)

All of the operative facts concerning the Defendant's liability are located in the United Kingdom. The premises where the Plaintiff was injured is in London. The books and records relating to any knowledge of prior accidents and remedial measures are located in the United Kingdom. The circumstantial evidence Plaintiff argues will substantiate Defendant's liability for actions of the Hilton London Euston Hotel is in London. The only witnesses not in London are witnesses which support Plaintiff's claim for damages. However, the issue of damages is only relevant if liability is proved.

Therefore, this factor weighs strongly in favor of dismissal.

**b. Availability of Compulsory Process for Attendance of Unwilling Witnesses, and the Cost of Obtaining Attendance of Willing Witnesses**

The Defendant has not provided the Court with a list of witnesses it intends to call. Instead the Defendant generally states that "all of the relevant evidence and witnesses, with the exception of the Plaintiffs and any potential medical experts,

are located in the United Kingdom." (Def.'s Br. at 8.)  The
Defendant also states that this Court does not have the power to
compel witnesses located in the United Kingdom to travel to this
forum to testify at trial.  However, the Defendant has not cited
any law in support of this argument and has not provided the
Court with a list of witnesses from the United Kingdom that are
essential to this action.  If these witnesses are London Hotel
personnel, the Defendant does not explain why it cannot procure
the testimony of these employees if needed for a trial in New
Jersey.

    As noted by the Court *supra* in Part III A, the "defendant
bears the burden of persuasion as to all elements of the forum
non conveniens analysis." <u>Lacey</u>, 932 at 180.

    Since the Defendant has not brought forth any list of
witnesses or facts to support its general allegations, the
Defendant has not carried its burden as to this factor.

                **c. Possibility of Viewing the Premises**

    The Defendant argues and the Court agrees that a view and
examination of the accident scene at the London Hotel would be
appropriate as this is a negligence case based on the condition
of a bathtub/shower.  Similarly, London is the only place where
expert witnesses could inspect the allegedly negligent
conditions.  Therefore, this factor balances in favor of the
Defendant since the premises are located in London.

                               12

### d. Practical Problems that make Trial of a Case Easy, Expeditious and Inexpensive

In this case, the Plaintiff has brought suit only against Defendant Hilton Worldwide, Inc.  The Plaintiff has not brought suit against the London Hotel.  It is unclear at this time whether the London Hotel is a necessary party and whether the London Hotel would be subject to jurisdiction in this forum.  The Defendant has not alleged any facts or law with regard to this issue.

If the London Hotel was a necessary party and not subject to personal jurisdiction in this forum, that would be a significant factor to consider under this prong of the analysis.  The Third Circuit has held that a court should not "minimize the importance of getting all concerned parties under one judicial roof." Lacey, 932 F.2d at 190.  However, as the Defendant bears the burden of proof and the Defendant has not made a showing with regard to this factor, the Court will not give any weight to this factor.

### 2. Public Factors

The Court must also consider specific public factors in determining whether to dismiss an action based on the doctrine of forum non conveniens.  These factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of

unnecessary problems in conflict of laws, or in the application
of foreign law; and the unfairness of burdening citizens in an
unrelated forum with jury duty." Piper Aircraft Co., 454 U.S. at
241 n.6 (citing Gilbert, 330 U.S. 501, 509 (1947).

### a. Administrative Difficulties flowing from court congestion

This factor concerning the relative court congestion between
this District and the courts in the United Kingdom was not raised
by the Defendant as relevant to the instant motion.  Therefore,
the Court will not give any weight to this factor.

### b. Local Interest in Having Localized Controversies Decided at Home

In this case, the United Kingdom has the greater interest in
this controversy.  The facts giving rise to the Plaintiffs'
complaint all occurred in London.  The primary connection that
New Jersey has to the instant dispute is that Plaintiffs reside
here and the Plaintiff Kathleen Lynch received subsequent medical
treatment here.  In addition, the Plaintiffs did make hotel
reservations in New Jersey and consequently began their
relationship with the London Hotel in New Jersey.

However, the United Kingdom's interest in this litigation
outweighs New Jersey's interest.  The heart of this action is the
safety of a facility located in the United Kingdom.  Therefore,
the United Kingdom has the stronger interest in hearing this
dispute.  This factor weighs in favor of dismissal.

14

       **c. The interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action and the avoidance of unnecessary problems in conflict of laws or in the application of foreign law**

In this case, the Defendant states that "the claims at issue involve the application of foreign tort law and/or conflict of law principles, and there is no reason to burden this Court with learning foreign law to resolve claims that arose in the United Kingdom." (Def.'s Br. at 10.)  However, the Defendant does not provide any analysis of this factor and has not come forward with any discussion of the applicable law in the United Kingdom. Indeed, the Defendant argues its motion to dismiss based on principles of New Jersey law.  Defendant has the burden of bringing forth the applicable law in the United Kingdom and establishing that this law will govern the instant action instead of New Jersey law.  <u>Lacey</u>, 932 F.2d at 180.

However, despite the Defendant's failure to meet its burden of proof, the Court feels it important to discuss the choice of law analysis in this case.  In a diversity case filed in New Jersey, New Jersey choice of law rules govern.  <u>See Lebegern v. Forman</u>, 471 F.3d 424, 428 (3d Cir. 2006).  In tort cases, New Jersey follows the "most significant relationship" test adopted in the Restatement (Second) of Conflict of Laws as well as the Restatement's default rule that the location of the injury in tort cases determines the law to be applied unless some other

location has a more significant relationship.  <u>P.V. ex rel. T.V.
v. Camp Jaycee</u>, 962 A.2d 453, 460 (N.J. 2008); Restatement
(Second) of Conflict of Laws § 146 (1971).

    For tort claims, the Restatement provides that the case will
be "determined by the local law of the state which, with respect
to that issue, has the most significant relationship to the
occurrence and the parties under the principles stated in § 6." §
145.  The default rule contained in § 146 of the Restatement
provides that "the local law of the state where the injury
occurred determines the rights and liabilities of the parties,
unless, with respect to the particular issue, some other state
has a more significant relationship under the principles stated
in § 6 to the occurrence and the parties." § 146; <u>Camp Jaycee</u>,
962 A.2d at 461.

    Section 6 of the Restatement lists several factors relevant
to the choice of law analysis that when "reduced to their essence
. . . are: (1) the interests of interstate comity; (2) the
interests of the parties; (3) the interests underlying the field
of tort law; (4) the interests of judicial administration; and
(5) the competing interests of the states." <u>Camp Jaycee</u>, 962
A.2d at 463 (internal quotation and citations omitted); § 6.

    Prior to engaging in a choice of law analysis, the Court
must first determine that the laws at issue are in conflict.
<u>Camp Jaycee</u>, 962 A.2d at 460.  "It is only after a determination

16

is made that there is indeed an actual conflict between the laws
of the particular jurisdictions that the interests of the
respective jurisdictions are analyzed." Grossman v. Club Med
Sales, 273 N.J. Super. 42, 49 (App. Div. 1994) (citations
ommitted).

In this case, under New Jersey law, "the owner or operator
of a hotel, is not an insurer of the safety of his guests. He is,
however, required to exercise ordinary care to render the
premises reasonably safe for their use." Johnson v. Kolibas, 75
N.J. Super. 56, 64 (App. Div. 1962). See also Grossman v. Club
Med Sales, 273 N.J. Super. 42 (App. Div. 1994). In the United
Kingdom, a hotel owner is under a statutory duty "to take such
care as in all the circumstances of the case is reasonable to see
that the visitor will be reasonably safe in using the premises
for the purposes for which he is invited or permitted by the
occupier to be there." Occupiers' Liability Act 1957 c. 31 §
2(2).

A comparison of this law shows that there is no conflict
between the duty imposed on a hotel owner in the United Kingdom
and New Jersey. Both jurisdictions impose a similar duty on
hotel owners with respect to their guests. Absent an actual
conflict, New Jersey law would apply to issues of the instant
case, if the case were to remain in this forum.

Therefore, the Court will not give any weight to this factor

17

as the Defendant has not met his burden of proof.  However, if the Court were to give weight to this factor, it would not weigh in favor of dismissal.

### d. Unfairness of burdening citizens in an unrelated forum with jury duty

The Defendant argues that a New Jersey jury should not be burdened with the trial of a matter that has no relationship to New Jersey, aside from the Plaintiffs' residence.  The Plaintiffs maintain that a New Jersey jury would have a relationship to this cause of action because it involves an injury to a New Jersey resident.

The Court finds that the United Kingdom has a stronger interest in the outcome of this litigation.  While the Plaintiffs are New Jersey residents, the operative facts of the complaint and the injury occurred in the United Kingdom.  In addition, the main issue in this case is the safety of a facility in London and the conduct of Plaintiff in London which Defendant alleges contributed to the accident.  A New Jersey jury has little to no relationship to the operative facts of this case whereas a jury in the United Kingdom has a strong interest in the safety of its facilities.

Therefore, this factor weighs in favor of dismissal.

### 3. Balance of the Factors Favor Dismissal

The Third Circuit has held that the balancing of these factors is "essentially qualitative, not quantitative." Lacey v.

Cessna Aircraft Co., 932 F.2d at 182.  After analyzing the applicable private and public factors, the Court finds that the factors weigh heavily in favor of dismissal.  The Defendant has met its burden to show that the plaintiff's choice of forum is "vexatious and oppressive . . . out of all proportion to [plaintiff's] convenience."  Piper Aircraft Co., 454 U.S. at 241.

The private factors weigh strongly in favor of dismissal. The sources of evidence and witnesses to prove Defendant's liability are located in the United Kingdom.  The premises at issue is located in the United Kingdom.  The only witnesses located in New Jersey pertain to Plaintiff's medical treatment which is only relevant after liability is proved.  Moreover, the London Hotel could readily be joined as a party if the litigation is heard in the United Kingdom and "it would be far better to try all of the issues surrounding this case with all of the possible liable parties under one roof." Colantonio, 2004 U.S. Dist. LEXIS 15991 at *36.

The public factors are either neutral or weigh strongly in favor of dismissal.  The United Kingdom has the stronger interest in this case since the action centers around the safety of a United Kingdom facility.  By contrast, New Jersey's interest in this action is tangential and exists only because the Plaintiffs happen to be New Jersey residents.  In addition, a jury in the United Kingdom would have a deeper interest in this litigation as

it involves the safety of a premises in London.

Further, while Plaintiffs' choice to sue in their home forum is accorded deference, the deference given is somewhat diminished as the operative facts giving rise to the Plaintiffs' complaint occurred outside of New Jersey.

Therefore, the Court finds the balance of the private and public factors weigh strongly in favor of dismissal and outweigh Plaintiff's choice of forum.

### IV.   CONCLUSION

The Defendant has met its burden of proof in showing the Plaintiff's complaint should be dismissed based upon the doctrine of forum non conveniens.  The United Kingdom is an adequate available forum.  The Plaintiff's choice of forum, while given deference, the deference given is somewhat diminished because all operative facts giving rise to the Plaintiff's allegations of liability occurred in the United Kingdom.  Finally, the qualitative balance of the private and public factors weighs strongly in favor of dismissal and it would be vexatious and oppressive to the Defendant to maintain the litigation in New Jersey out of all proportion to the Plaintiff's convenience.

Therefore, this case should be dismissed based upon the doctrine of forum non conveniens.

The accompanying Order will be entered.


**October 31, 2011**          **_s/ Jerome B. Simandle_**
Date                          JEROME B. SIMANDLE
                              United States District Judge